CATHERINE M. FERRY *vs.* EASTERN CONSOLIDATED AMUSEMENT COMPANY.

Hampshire.   October 16, 1917. — October 19, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, & PIERCE, JJ.

*Negligence,* Contributory.  *Evidence,* Competency.  *Practice, Civil,* Exceptions.

In an action for personal injuries sustained in a place of amusement maintained by the defendant called "The Giggler," consisting of passageways full of surprises produced by mechanical contrivances, where it appeared that the plaintiff was hurt by slipping on a long strip of sheet metal over which she was walking, having hold of an iron hand rail sufficiently to guide her steps, the plaintiff testified that there was a reason why she did not take a firm hold of the rail,

and then was allowed, subject to the defendant's exception, to state that she "felt a little afraid of it," that she "did not really know what to expect," and that she "was afraid of shocks, . . . an electric shock." The plaintiff also testified that she held tighter on the rail as she felt herself falling and had hold of it all the time. *Held,* that, under the conditions shown, the evidence was competent as bearing upon the plaintiff's due care, and that, moreover, its admission could not have harmed the defendant, as it did not appear that the plaintiff's injury resulted in any degree from the nature of her grasp upon the support.

TORT for personal injuries sustained by the plaintiff on July 31, 1916, in a place of amusement known as "The Giggler" maintained by the defendant at Riverside Park, so called, in the town of Agawam, the manner of the injury being described in the opinion. Writ dated November 28, 1916.

In the Superior Court the case was tried before *Hamilton,* J. The jury returned a verdict for the plaintiff in the sum of $2,183.33; and the defendant alleged exceptions, relating to the admission in evidence of certain testimony of the plaintiff as explained in the opinion.

The case was submitted on briefs.

*J. F. Carmody,* for the defendant.

*R. P. Stapleton & E. J. Stapleton,* for the plaintiff.

BY THE COURT. This is an action of tort to recover damages for personal injuries received by the plaintiff in a place of amusement called "The Giggler." It was made up of passageways in which were various devices, some moved by mechanical contrivances and others by the passage of people over them. There was evidence tending to show that the plaintiff was hurt by slipping upon a piece of sheet metal about twenty-one feet long over which she was walking. It was described as designed to have the "effect of an ordinary suspension bridge, swinging up and down; it would give under your weight." It was part of a combination of artifices or mechanisms through which people were invited to walk by a "big grotesque looking face outside" and a sign "It won't hurt you to laugh." There was an iron hand rail of which, as the plaintiff walked across the metal, she took sufficient hold to guide her steps. After testifying without objection that there was a reason why she did not take a firmer hold, she was permitted, subject to the defendant's exception, to state that the reason was that she "felt a little afraid of it," that she "did not really know what to expect," that she "was

afraid of shocks, . . . an electric shock." The plaintiff also testified that she held tighter on the rail as she felt herself falling and had hold of it all the time.

No reversible error is disclosed. Under these conditions the evidence was competent as bearing upon her due care. *Carriere* v. *Merrick Lumber Co.* 203 Mass. 322, 327. A light hold upon a metallic hand rail in a place where constant surprises were to be anticipated might have been thought to be prudent. Moreover it does not appear that her injury resulted in any degree from the nature of her grasp upon the support.

*Exceptions overruled.*